UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MONTRELL D GREEN
FDOC Inmate #Y29805,
    Plaintiff,

v.                              Case No. 3:23cv22369/MCR/ZCB

RICKY DIXON,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Montrell D. Green is an inmate of the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because of Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g., Kendrick v. Sec'y,*

1

is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 9-12). Question C of Section VIII asked Plaintiff if he had filed any other lawsuits in federal court relating to the conditions of his confinement. (*Id.* at 10-11). Plaintiff checked the box for "YES" and disclosed six cases. (*Id.* at 11).[2] At the end of the complaint form, Plaintiff signed his name after the following certification: "I

---

*Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

[2] At the beginning of the Prior Litigation section, Plaintiff handwrote "see enclosed documents of prior litigations" (sic), but Plaintiff's enclosed documents only include additional information from his Statement of Facts section. (*See* Doc. 1 at 9, 14-17). The handwritten enclosures do not list any prior litigation.

declare under penalty of perjury that the foregoing . . . is true and correct." (*Id*. at 13).

Plaintiff, therefore, certified that at the time he filed this case on August 21, 2023, he had only filed six lawsuits in federal court relating to the conditions of his confinement.[3]  The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness.  Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form.  According to Public Access to Court Electronic Records (PACER), Plaintiff commenced the following actions prior to filing his complaint in this case that are not listed in the Litigation History section of his complaint:[4]

- *Green v. Secretary, Florida Dep't of Corr.*, Case No. 3:22cv283/BJD/JBT (M.D. Fla.) (filed March 15, 2022).  This case

---

[3] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

[4] It appears Plaintiff also did not disclose the following case, which was eventually transferred to the Middle District of Florida: *Green, et al. v. Rakestraw, et al.*, Case No. 1:19cv25209/RNS (S.D. Fla.) (filed December 19, 2019).  This case challenged Plaintiff's conviction and became Case No. 2:20-cv-00142 after it was transferred. Plaintiff disclosed the transferred case on his compliant form, but not the initial case filed in the Southern District of Florida.

was dismissed because Plaintiff sought "to challenge the conditions of his confinement" without first submitting a complaint form. (*See* Doc. 3 at 2-3).

- *Green v. T. Edwards, et al.*, Case No. 5:22cv0071/TKW/MJF (N.D. Fla.) (filed April 6, 2022). This case concerned an alleged deprivation of medical care while in administrative confinement and was dismissed voluntarily by Plaintiff. (Doc. 1 at 5, Doc. 7).

- *Green v. Dixon*, et al., Case No. 3:23cv9879/MCR/HTC (N.D. Fla.) (filed May 8, 2023). This case alleged the FDOC Defendants were deliberately indifferent to Plaintiff's safety under the Eighth Amendment; a Report and Recommendation dismissing this case for abuse of judicial process is currently pending. (*See* Doc. 12).

How does the Court know that this Montrell D Green and the Montrell D Green that commenced the above cases are one and the same? The plaintiff in the cases above listed FDOC Inmate #Y29805 on his initial pleadings. Plaintiff lists the same inmate number on the complaint form in this case. (Doc. 1 at 1). Further, as explained above, the lawsuits cited above were clearly federal lawsuits "relating to the conditions of confinement" that Plaintiff filed before commencing the current case. As such, Plaintiff was required to identify them on the complaint form in this case. Yet he identified none of them.

4

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the

prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 8). Further, in Plaintiff's most recent case filed with this Court, the Report and Recommendation explicitly lists several of the cases that Plaintiff omitted from the present complaint by name and case number, yet Plaintiff still failed to include these cases in his complaint. *See* Case No. 3:23-cv-09879, Doc. 12 at 2-3. Consistent with the dismissal warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[5]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious and an abuse of the judicial process under 28 U.S.C. § 1915A(b)(1).

---

[5] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 30th day of August 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**